### BELKNAP *v*. CLARK.

Belknap county, plaintiff in a suit, is not properly described as " the inhabitants of the county of Belknap;" but the writ may be amended.

In assumpsit, the court may order an additional specification.

A county may recover, in assumpsit, of the clerk of the court of that county, its money, received by him and not accounted for, when he, in equity and good conscience, ought to account for it.

ASSUMPSIT, on the money counts. In the writ, the defendant is summoned to answer to " the inhabitants of the county of Belknap." The court refused to quash the writ, and allowed an amendment, describing the plaintiff as the county of Belknap, and the plaintiff excepted. The plaintiff having filed a specification, the court ordered an additional one, and the plaintiff excepted.

The suit embraced the defendant's accounts as clerk of that county for five years, as examined and certified by the judges, and was brought to recover the plaintiff's money, received by the defendant

during that time and not accounted for, which the plaintiff claimed that the defendant, in equity and good conscience, should account for. He moved to quash the writ, because the action should have been case, under Gen. St., *c.* 201, *s.* 6.   Motion denied, subject to exception.

*Whipple*, for the plaintiff.

*Barnard*, for the defendant.

BINGHAM, J.   Belknap county is a body corporate, for the purpose of sueing and being sued.  Gen. St., *c.* 22, *s.* 1.   The plaintiff should have been described as the county of Belknap, and the amendment was properly allowed.  *Lebanon* v. *Griffin*, 45 N. H. 558, 563; *Flanders* v. *Stewartstown*, 47 N. H. 549.

There was no error of law in the order of the court for an additional specification.   *Benedict* v. *Swain*, 43 N. H. 33;  *Saunders* v. *Osgood*, 46 N. H. 21.

Assumpsit lies.   *Wentworth* v. *Gove*, 45 N. H. 160.

*Case discharged.*

FOSTER J., did not sit.